**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATSY YODER,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

       Defendant-Appellee.

No. 99-6105
(D.C. No. 98-CV-536-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Patsy Yoder appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Yoder alleged disability as of March 1, 1991, due to back, heart, and wrist problems. The administrative law judge (ALJ) determined that Ms. Yoder was not disabled at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as Ms. Yoder could perform certain identified light or sedentary jobs.

On appeal, Ms. Yoder argues that she has severe physical impairments which have not been fully alleviated by treatment, prescribed pain medications, or surgery. She contends that her doctors have opined that she cannot return to

any full-time employment, an opinion the ALJ erroneously rejected in favor of the consulting physician's opinion. Ms. Yoder also maintains the ALJ did not consider her mental impairments and she is unable to perform any of the occupations identified.

On appeal, Ms. Yoder argues that she has severe painful physical impairments which have not been fully alleviated by treatment or medication. The fact that Ms. Yoder has severe physical impairments does not automatically mean that she is disabled.  See Williams , 844 F.2d at 750-51 (although at step two claimant must show a medically determinable severe impairment, that showing alone does not automatically establish disability). Further, Ms. Yoder's inability to work pain-free is not sufficient reason to find her disabled.  See Gossett v. Bowen , 862 F.2d 802, 807 (10th Cir. 1988).

Ms. Yoder contends her doctors have opined that she cannot return to any full-time employment. She asserts that the ALJ rejected those opinions in favor of the consulting physician's opinion. The record shows that while her treating physicians have restricted Ms. Yoder from working, those restrictions were imposed prior to the period during which Ms. Yoder claims disability. During the relevant period, the record shows that one of Ms. Yoder's treating physicians opined that she would be unable to return to her previous occupation.  See App. Vol. II at 329, 334. Another treating physician opined that she "could probably

-3-

be taught to do light work." Id. at 366. The ALJ properly considered the evidence in the record in reaching his conclusion.

Ms. Yoder maintains the ALJ did not consider her mental impairments. The ALJ filled out a psychiatric review form concluding that she has some mental impairments, but that they have minimal affect on her ability to work. The record supports the ALJ's conclusion. In fact, her discharge summary from a psychiatric day treatment center shows a discharge rating on the Global Assessment of Functioning Scale of 70, an indication that she was "generally functioning fairly well" and had only "some mild symptoms." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994).

Finally, Ms. Yoder concludes that, based on her arguments *supra*, she is unable to perform any of the occupations identified as ones she could perform. Having rejected her arguments, we also reject Ms. Yoder's conclusion.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-